UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MENDENHALL, and <br> FAIRY MENDENHALL, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL OILWELL VARCO, L.P., <br><br> Defendant. <br> _____ <br><br> GRANGE MUTUAL INSURANCE COMPANY, <br><br> Intervenor Plaintiff, <br><br> vs. <br><br> NATIONAL OILWELL VARCO, L.P., <br><br> Defendant. | No. 1:15-cv-01041-LJM-MPB |

### ORDER ON MOTION TO DISMISS

Defendant National Oilwell Varco, L.P. ("NOV") has moved to dismiss Intervenor Plaintiff's, Grange Mutual Insurance Company ("Grange's"), Intervenor Complaint. Dkt. No. 49. Initially, NOV objected to the Grange's intervention on certain grounds, which, after a hearing, the Court overruled. *See* Dkt. Nos. 40 & 42. However, NOV now objects to Grange's Intervenor Complaint because it implies that Grange is seeking damages directly from NOV, which is not allowed under the applicable Illinois worker's compensation statutes that apply in this case. Grange contends that its Intervenor Complaint only requests the relief it is allowed under the statutes. For the reasons stated

herein, the Court **GRANTS** the Motion to Dismiss; however, it will allow Grange 14 days for the date of this Order to file an Amended Intervenor Complaint.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs David ("David") and Fairy Mendenhall (collectively, "Plaintiffs") allege that a pipeline valve that David was inspecting in a warehouse fell on his leg and caused permanent damage.  David has been receiving worker's compensation benefits from Grange since his injury occurred in June of 2013.

Grange was allowed to intervene in this case to protect its interest pursuant to Illinois's worker's compensation laws.  On April 11, 2016, Grange filed its Intervenor Complaint.  Dkt. No. 43.  It alleges, in relevant part, "Intervening Plaintiff Grange seeks judgment in the total amount of the medical expenses, lost wages, and other damages paid to or on behalf of David Medenhall, plus any additional benefits payable in the future, from Defendant National Oilwell Varco, L.P."

## II.  MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive NOV's motion to dismiss for failure to state a claim upon which relief may be granted, Plaintiffs must provide the grounds for their entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action.  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The "allegations must be enough to raise a right to relief above the speculative level."  *Id.*  The touchstone is whether the Complaint gives the Defendants "fair notice of what the … claim is and the grounds upon which it rests."  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Legal conclusions or conclusory

allegations are insufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

## III. DISCUSSION

The statutory framework under which the Court allowed Grange to intervene limits the purpose of the intervention. Specifically, the Illinois Worker's Compensation Act

> provides four remedies to an employer that is required to pay workers' compensation benefits to an employee whose injuries were caused by a third-party tortfeasor: (1) a lien against compensation that an employee recovers from a third party for workers' compensation benefits the employer pays; (2) the right to intervene in any lawsuit filed by the employee to ensure that all orders are entered for the employer's protection; (3) the right to ensure that no release or settlement is entered between the employee and the tortfeasor without the employer's written consent unless the employer has been fully indemnified or protected by court order; and (4) the right to bring suit against a third party three months prior to the expiration of the statute of limitations if the employee has not done so.

*Pederson v. Mi-Jack Prods.*, 905 N.E.2d 316, 322-23 (Ill. Ct. App. 2009) (referencing 820 ILC 305/5(b)). In this case, Grange has the right to intervene to ensure that its rights are protected and to ensure that no release or settlement is entered between Plaintiffs and NOV without its consent. However, as NOV has pointed out, Grange is not entitled to receive any amount of damages directly from NOV. Grange's Intervenor Complaint implies that it is seeking damages directly from NOV for the harm caused to David. This is improper; therefore, the Intervenor Complaint should be dismissed. The dismissal is without prejudice because Grange can easily cure the deficiency by conforming it to the relief available as set forth above.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** National Oilwell Varco, L.P.'s Motion to Dismiss; the Intervenor Complaint of Grange Mutual Insurance Company is

hereby **DISMISSED without prejudice**.  Grange Mutual Insurance Company shall have 14 days for the date of this Order to file its Amended Intervenor Complaint.

    IT IS SO ORDERED.

DATED: __6/29/2016_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Linda H. Clare
GIBSON & SHARPS PSC
lhc@gibsonkolb.com

Heath E. Uppencamp
HELLER HOLMES & ASSOCIATES, P.C.
heath@hhlawoff.com

Fred William Johnson
HELLER, HOLMES & ASSOCIATES P C
fred@hhlawoff.com

Anthony J. Hornbach
THOMPSON HINE LLP
tony.hornbach@thompsonhine.com

Christine M. Haaker
THOMPSON HINE LLP
christine.haaker@thompsonhine.com

Jason P. Bichsel
THOMPSON HINE LLP
jason.bichsel@thompsonhine.com